*205 OPINION.
Akundell:
This proceeding was initiated while the Revenue Act of 1924 was in effect. Section 274(a) of that Act provides in part:
If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer * * * shall be notified of such deficiency by registered mail * * *. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals * * *. (Italics supplied.)
Section 2(a) (9) of the Act of 1924 reads:
The term “ taxpayer ” means any person subject to a tax imposed by this Act.
Reading these two sections together, it seems that the right of appeal must be based on two coexistent elements, namely, (1) the determination by the Commissioner of a deficiency, and (2) the sending of notice thereof to the person subject to the tax. The determination of a deficiency against one person, and the sending of the notice thereof to another, does not meet with the requirements of the statute, which, as pointed out above, provides for the notification of the taxpayer. And this is so, even though the two are affiliated companies, for the reason that section 240 of the statute provides that, in the case of such companies, the tax shall “be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each.” Thus, for purposes of assessment and collection, the separate identity of each of the corporations is recognized.
What the Commissioner has done here is to determine a deficiency against the American Elevator & Storage Co., and then send a notice of such deficiency to the Caughey-jossman Co. Clearly, on such facts, the American Elevator & Storage Co. can not take an appeal, for it has not been notified of a deficiency, and, from an *206 examination of the petition it does not appear that it has attempted to do so. While the petition filed bears the caption, “ Caughey-Jossman Co., a consolidation,” the American Elevator & Storage Co is not thereby made a party, as “ The title or caption of the bill is no part of the bill * * Jackson v. Ashton, 8 Peters 148; Marshall v. B. & O. R. R. Co., 16 How. 314, 342. The American Elevator & Storage Co. will have its opportunity to file a petition in the event the Commissioner determines a deficiency in its tax and notifies it thereof in accordance with the statute.
As to the Caughey-Jossman Co., the respondent has determined an overassessment and we are without jurisdiction of the appeal. Cornelius Cotton Mills, 4 B. T. A. 255.
Reviewed by the Board.

Order of dismissal will he entered.

Midliken and Smith dissent.